**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION**

| | | |
|---|---|---|
| Founders Insurance Company, | ) | C.A. No. 0:11-3132-CMC |
| | ) | |
| Plaintiff, | ) | |
| | ) | OPINION AND ORDER |
| v. | ) | ON MOTION FOR |
| | ) | FOR SUMMARY JUDGMENT |
| The Barn Club, Inc., Scott Lee Thomas, | ) | |
| and Isaac Spivey, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Through this action, Plaintiff, Founders Insurance Company ("Founders"), seeks a declaration that it has no duty to defend or indemnify Defendant The Barn Club, Inc. ("Barn Club") in an action brought by Scott Lee Thomas ("Thomas"). In the underlying action ("Thomas Lawsuit"), Thomas seeks recovery from the Barn Club for injuries he suffered on September 21, 2010, after his band performed at "The Money," a nightclub owned and operated by the Barn Club. Dkt. No. 1-2 at ¶ 8 (Thomas Complaint). After the performance, Thomas and his brother, John Thomas, were in the band's recreational vehicle ("RV"), which was parked behind The Money. *Id.* ¶ 12. Two intruders "burst through the door near the front of the RV, and one of the intruders held a handgun to John Thomas' head and demanded money." *Id.* ¶¶ 14-5. In response, Scott Thomas "came out from the rear of the RV, pointed his handgun at the two intruders in self-defense and demanded that they leave immediately." *Id.* ¶ 16. The armed intruder fired his weapon, and "a gun fight ensued in which Scott Thomas was gravely wounded." *Id.* ¶ 17.

Thomas sought to recover for his injuries through a state court action filed in February 2011 against the Barn Club, Isaac Spivey, and a limited partnership. The complaint in the Thomas Lawsuit asserts claims including negligence and gross negligence based on the Barn Club's failure

to keep the property safe, provide adequate security, provide safe conditions, properly staff the property, train its employees, provide adequate lighting, and warn invitees of a known dangerous condition. *Id.* ¶ 20.

On November 16, 2011, Founders filed this action for declaratory relief that the claims in the Thomas Lawsuit are not covered under the CGL policy Founders issued to the Barn Club. Dkt. No. 1. Founders filed an amended complaint adding Defendant Isaac Spivey ("Spivey")[1] on April 26, 2012. Dkt. No. 28. Defendant Thomas answered May 4, 2012, and asserted a counterclaim seeking a declaratory judgment that (1) Founders waived any right to deny coverage because it undertook the defense of the Barn Club without properly reserving its rights; (2) the policy does not include an assault and battery exclusion; (3) the exclusion on which Founders relies should be construed in favor of coverage; and (4) the exclusion was added on a renewal of the policy without notice to the Barn Club. Dkt. No. 31. Defendants Barn Club and Spivey answered on May 23, 2012. Dkt. No. 36.

The matter is now before the court on Founders' motion for summary judgment, which was filed on August 7, 2012. Founders relies on the broad assault and battery exclusion, which is contained in an endorsement to the policy and is quoted in its original and amended complaints. Defendants responded on September 11, 2012, arguing that subsection (d) of the assault and battery exclusion excludes certain negligence claims, but does not exclude negligent security claims. Founders did not file a reply, but filed a request for oral argument on September 21, 2012.

---

[1] Spivey is described as a "principal of The Barn Club at the time of the events giving rise to the THOMAS lawsuit." Am. Compl. ¶ 4.

# EXCLUSION

The policy contains the following endorsement:

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

SOUTH CAROLINA CGL ENDORSEMENT    ASSAULT AND/OR BATTERY EXCLUSION

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

A. The following exclusions are added to paragraph **2. Exclusions of SECTION 1 – COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILTY and paragraph 2. Exclusions of SECTION 1 – COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY:**

This insurance does not apply to:

**1.    Assault and/or Battery/Negligent Hiring**
"Bodily injury" . . . arising from:

- (a) assault and/or battery committed by any insured, any "employee" of an insured, *or any other person*;
- (b) The *failure to suppress or prevent assault and/or battery by any person* in subparagraph 1.(a) above;
- (c) The selling, serving or furnishing of alcoholic beverages which result in an assault and/or battery; *or*
- (d) The negligent:
    (1) Employment;
    (2) Investigation;
    (3) Supervision;
    (4) Reporting to the proper authorities, or failure to so report; or
    (5) Retention

    of or by a person for whom any insured is or ever was legally responsible and whose conduct would be excluded by subparagraphs 1.(a) through 1.(c) above.

Dkt. No. 1-1 at 50 (emphasis added).

Founders' arguments are supported by the plain language of the policy endorsement on which it relies. That endorsement provides a broad exclusion for any claims arising out of an assault and

battery not only by employees but also by "any other person." Based on the arguments presented by Founders, Thomas's claims appear to fall well within the scope of this exclusion. Thomas's only argument is that negligent security is not specifically named in subsection (d) and is, therefore, not excluded.

Thomas's argument is addressed in *Sphere Drake Insurance Co. v. Litchfield*, 313 S.C. 471, 438 S.E.2d 275 (Ct. App. 1993). In *Sphere Drake*, the South Carolina Court of Appeals held that an assault and battery exclusion[2] applied to all claims, including negligence, for injuries a patron sustained from an assault at a nightclub. "The complaint alleged, *inter alia*, negligence in failing to protect customers, failing to provide adequate security devices, failing to properly train and supervise employees, and negligence in hiring." *Id.* at 474 n.1. The court explained,

> Similarly, the separate acts of negligence alleged by Litchfield are not actionable without the assault and battery, because without the assault and battery there would be no damage suffered as a result of the alleged negligence of Sandifer and Charlies, Inc. The negligence claims are for bodily injury "arising out of" assault and battery and come within the exclusion.

*Id.* at 474.

The same result is supported by *St. Paul Reinsurance Co., Ltd. v. Riviello*, 296 Fed. Appx. 377, 2008 WL 4636182 (4th Cir. Oct. 20, 2008). In *St. Paul*, the Fourth Circuit affirmed a district court's finding that the insurer was entitled to a declaratory judgment that it was not required to defend or indemnify an insured for negligence claims arising from an assault based on a similar

---

[2] The assault and battery exclusion at issue in *Sphere Drake* reads as follows:

Notwithstanding anything contained herein to the contrary, it is understood and agreed that this policy excludes claims arising out of Assault and Battery, whether caused by or at the direction of, the insured, his employees, patrons of [sic] any cause whatsoever.

438 S.E.2d at 277.

assault and battery exclusion. *Id.* at 380 (applying South Carolina law). The Fourth Circuit adopted the following reasoning of the district court:

> In this case, the exclusionary clauses in both the Commercial General Liability Coverage Part and the Commercial Liquor Liability Coverage Part of the Policy unambiguously apply to the underlying lawsuit. In readily understandable language, these provisions exclude coverage for claims arising out of assault and battery, "whether caused by the insured, an employee, a patron or any other person" or by the "negligence of the insured, his employees, patrons or any causes whatsoever." As was the case in *Sphere Drake*, the separate acts of negligence alleged in the underlying lawsuit would not be actionable without the assault and battery, because the only injuries suffered by Riviello were the result of the assault and battery. As such, the claim against the Ollie's [appellants] for negligence "arose from" the alleged assault and battery, and are excluded from coverage under the plain terms of the Policy.

*Id.* at 379 (quoting *St. Paul Reins. Co. v. Ollie's Seafood Grille and Bar, LLC*, 242 F.R.D. 348, 351 (D.S.C. 2007)).

Based on the above authority, the court finds that the assault and battery exclusion excludes Thomas's negligent security claim. The policy excludes claims for bodily injuries arising from "assault and/or battery committed by any insured, any 'employee' of an insured, or any other person." The exclusion also specifically excludes bodily injury arising from "failure to suppress or prevent assault and/or battery" of any persons. The court does not read subsection (d), as Defendants argue, to "signif[y] that negligence claims survive the sweep of subsection (a)." Defendants have provided no authority for their argument, which is contrary to the plain language of the exclusion. The court, therefore, concludes that the assault and battery exclusion bars coverage of Thomas's claims.[3]

---

[3] Because an exclusion applies, the court need not determine whether the policy would have otherwise covered Thomas's injuries.

## CONCLUSION

For the reasons set forth above, the court grants Founders' motion for summary judgment. The clerk is directed to enter judgment in Plaintiff's favor declaring that it has no duty to defend or indemnify Defendants the Barn Club and Isaac Spivey in the litigation brought against them by Defendant Scott Lee Thomas. This ruling, necessarily, disposes of Thomas's counterclaims.

**IT IS SO ORDERED.**

S/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
November 2, 2012